④

FILED

JUN 27 2011

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

*NOT FOR PUBLICATION*
*NOT POSTED ON WEBSITE*

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| In re<br><br>DAHLIA JOHNSON,<br><br>    Debtor.<br>_____<br><br>DAHLIA JOHNSON,<br><br>    Plaintiff,<br>v.<br><br>CHASE, RUZICKA & WALLACE LLP., CITIBANK, WELLS FARGO BANK, N.A., FREDDIE MAC SECURITIES REMIC TRUST 2005-S001,<br><br>    Defendants.<br>_____ | Case No. 11-23155-E-13L<br><br><br><br><br><br><br>Adv. Pro. No. 11-2182-E |

**MEMORANDUM OPINION ON JPMORGAN CHASE BANK, N.A. AND WELLS FARGO BANK, N.A.'S, AS TRUSTEE FOR FREDDIE MAC SECURITIES REMCI TRUST 2005-S001, MOTION TO DISMISS**

JPMorgan Chase Bank, N.A. (erroneously sued and served as Chase) and Wells Fargo Bank, N.A. as trustee for Freddie Mac Securities REMCI Trust 2005-S001, filed their motion, notice of hearing, memorandum of points and authorities, and proof of service in this matter as one document. This is not the practice in the Bankruptcy Court. "Motions, notices, objections, responses,

replies, declarations, affidavits, other documentary evidence, memoranda of points and authorities, other supporting documents, proofs of service, and related pleadings shall be filed as separate documents." *Revised Guidelines for the Preparation of Documents*, ¶(3)(a).

Compliance with the *Revised Guidelines for the Preparation of Documents* is not only required by the Local Bankruptcy Rules, see Local Bankr. R. 9014-1(c)(1), but it assists the court in reviewing the motions and pleadings in its near-paperless environment. When parties neglect the court's formatting requirements, it causes waste of precious, taxpayer-provided resources and creates additional burdens on the other parties. JPMorgan Chase Bank, N.A. and Wells Fargo Bank, N.A.'s failure to comply with the Local Bankruptcy Rules is cause to deny the motion. Local Bankr. R. 1001-1(g), 9014-1(l).

Moreover, JPMorgan Chase Bank, N.A. and Wells Fargo Bank, N.A. failed to assign a docket control number to this matter. The Local Rules require the use of a new Docket Control Number with each motion. Local Bankr. R. 9014-1(c). This is an independent cause to deny the motion. *See* Local Bankr. R. 1001-1(g), 9014-1(l).

Even if the court were to waive the defects and address the merits, the document titled motion fails to properly plead the necessary elements of a motion to dismiss. The motion merely pleads that certain claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) as incorporated by Federal Rule of Bankruptcy Procedure 7012. Merely stating that each specific cause of action fails to state a claim is insufficient.

Federal Rule of Civil Procedure Rule 7(b), incorporated by

Federal Rule of Bankruptcy Procedure 7007, requires that "The motion must: . . . (B) state with particularity the grounds for seeking the order; and (C) state the relief sought." The pleading titled "Notice of Motion and Motion" filed in this matter fails to establish the prima facie case for the requested relief. Properly pleading the grounds with particularity in the motion is not optional, but "must" be done by the movant. It is not for the court to traverse through other pleadings or extensive points and authorities to piece together the basis for movant's motion.

Burying the grounds for a motion (or lack of grounds) in a 19-page points and authorities does not comply with the pleading rules or effectively communicate the basis by which the court may choose to grant the motion. It is improper to shift the burden of a law and motion practice to the other parties and the court to ferret out the conceivable grounds for the motion from the arguments, quotations, and citations set forth in the points and authorities.

The motion is denied without prejudice and the hearing scheduled for 1:30 p.m. on June 30, 2011, is vacated.

Dated: June 24, 2011

RONALD H. SARGIS, Judge
United States Bankruptcy Court

# CERTIFICATE OF MAILING

The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that the attached document(s) was served by mail to the following entities listed at the address(es) shown below:

Service List:

Dahlia Johnson
7547 Stoneridge Way
Citrus Heights, CA 95621

S. Christopher Yoo
1 MacArthur Pl #200
Santa Ana, CA 92707

Lawrence Loheit
PO Box 1858
Sacramento, CA 95812-1858

Office of the U.S. Trustee
Robert T Matsui United States Courthouse
501 I Street, Room 7-500
Sacramento, CA 95814

DATE: 6/28/11

_____
Deputy Clerk